IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| REBECCA GUNTER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 4:13-CV-26 |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY | § | Judge Clark/Judge Mazzant |
| ADMINISTRATION, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER ADOPTING REPORT AND
## RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On March 27, 2014, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that the Commissioner's decision denying Plaintiff's claim for disability insurance benefits be affirmed [Doc. #14]. On April 2, 2014, Plaintiff filed objections [Doc. #15]. The Commissioner filed a response [Doc. #16].

Plaintiff objects to the finding of the Magistrate Judge that the ALJ provided good cause for the rejection of treating physician Dr. Garvin's 2010 medical opinion. Plaintiff seems to contend that the ALJ's discussion of the § 404.1527(c) factors does not provide the good cause required for rejecting Dr. Garvin's opinion.[1] Plaintiff argues that, as her treating physician, Dr. Garvin's opinion was entitled to controlling weight. The ALJ will give controlling weight to a

---

[1] Plaintiff does not detail specific objections to the Magistrate Judge's findings, but instead re-asserts the same claims found in her Brief.

treating physician's opinion when it is well-supported and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2). When such an opinion is not given controlling weight, the ALJ considers the § 404.1527(c) factors to determine the weight to give to the opinion. Plaintiff's objection raises several arguments concerning the ALJ's discussion of the § 404.1527(c) factors.

Plaintiff first argues that Dr. Garvin was in a good position to assess her functional limitations because he was a treating physician. Although the ALJ generally gives more weight to a treating source than to a non-treating source, the ALJ may consider the length and frequency of the treatment relationship. *Id.* The Magistrate Judge found that the ALJ noted the brief length of Dr. Garvin's treatment relationship with Plaintiff at the time of his medical opinion [Doc. #14 at 6]. Plaintiff provides no reason why the brief length of the treatment relationship should be disregarded as a factor weighing against Dr. Garvin's opinion.

Plaintiff next argues that objective evidence supported Dr. Garvin's medical opinion. Plaintiff notes various epidural steroid injections and facet injections given for pain relief, as well as x-ray and MRI findings. The Magistrate Judge found that the ALJ properly considered medical evidence in the record inconsistent with Dr. Garvin's opinion. *Id.* Both the Magistrate Judge and the ALJ considered physical examinations by Dr. Schmidt that indicated normal gait and full range of motion in Plaintiff's spine. *Id.* at 5. Plaintiff provides no reason why the objective medical evidence considered by the Magistrate Judge should be disregarded.

Plaintiff then argues that the ALJ's discussion of an opinion issued before her disability claim does not provide good cause for the rejection of Dr. Garvin's opinion. Plaintiff appears to be referring to the ALJ's consideration of an opinion by Plaintiff's back surgeon, which approved her return to work without restrictions. Plaintiff contends that the ALJ rejected Dr.

Garvin's opinion in favor of the back surgeon's opinion. However, as noted by the Magistrate Judge, the ALJ only considered the back surgeon's opinion in relation to Dr. Garvin's lack of specialization in back impairments. *Id.* at 6. To the extent that the ALJ's discussion of the back surgeon's opinion was misplaced, other evidence in the record supported the ALJ's determination. Procedural perfection in administrative proceedings is not required. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).

Plaintiff next argues that Dr. Garvin's opinion was consistent with his treatment notes. The Magistrate Judge noted that the ALJ found Dr. Garvin's clinical findings inconsistent with his medical opinion [Doc. #14 at 6]. Plaintiff points out that Dr. Garvin noted positive straight leg raise test results, as well as muscle spasms and reduced range of motion in her spine. Plaintiff further notes that Dr. Garvin indicated his medical opinion was supported by x-rays and MRIs. However, as the Magistrate Judge noted, the ALJ discussed other findings by Dr. Garvin indicating that Plaintiff's lumbar spine was normal and that she walked with a normal gait. *Id.* at 5. Plaintiff does not explain these inconsistent findings by Dr. Garvin, nor does she provide any reason why their consideration by the Magistrate Judge should be disregarded.

Plaintiff finally argues that her return to part-time work does not provide support for the ALJ's good cause finding. The Magistrate Judge found that the ALJ considered Plaintiff's return to work part-time as an additional factor weighing against Dr. Garvin's opinion. *Id.* at 6. Plaintiff contends that absences from work, due to her impairments, support Dr. Garvin's findings. As noted by the Magistrate Judge, the ALJ may consider any additional factors that tend to support or contradict a physician's opinion. *Id.* at 4-5. The ALJ found that Plaintiff returned to part-time work after Dr. Garvin's assessment that she was "obviously" unable to work for over three years [Doc. #12 at 71-72]. Plaintiff's return to part-time work was

inconsistent with Dr. Garvin's opinion, and the ALJ was entitled to consider it in determining what weight to give the opinion. Plaintiff's objection regarding the failure of the ALJ to give Dr. Garvin's opinion controlling weight is overruled.

Plaintiff also objects to the ALJ's finding that the limitations assessed by Dr. Garvin would not prevent Plaintiff from working, though Plaintiff makes no specific objection to a finding of the Magistrate Judge. However, the Magistrate Judge found that substantial evidence supported the ALJ's rejection of Dr. Garvin's opinion [Doc. #14 at 6]. Thus, the limitations assessed by Dr. Garvin are properly accorded no weight. Further, the Magistrate Judge found that substantial evidence supported the ALJ's determination regarding Plaintiff's residual functional capacity. *Id.* at 7. Plaintiff's objection is overruled.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes the plaintiff's objections are without merit and are, therefore, overruled.

It is, therefore, **ORDERED** that the decision of the Administrative Law Judge is **AFFIRMED**.

So **ORDERED** and **SIGNED** this **20** day of **May, 2014.**

_____
 Ron Clark, United States District Judge